**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTOINE MURRAY, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 09-373(NLH) |
| | : |
| PERRY PHELPS, Warden, and JOSEPH | : **O P I N I O N** |
| R. BIDEN, III, Attorney General | : |
| of the State of Delaware, | : |
| | : |
| Respondents. | : |
| | : |

**APPEARANCES:**
ANTOINE MURRAY, Pro Se Petitioner
314374
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

JAMES T. WAKLEY, Esquire
Deputy Attorney General
Delaware Department of Justice
Wilmington, DE 19801
Attorney for Respondents

**HILLMAN, District Judge**

Pending before the Court is a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed by

petitioner Antoine Murray ("Petitioner").  (Docket Entry 1)  For

the reasons discussed, the Court will dismiss the Petition and

deny the relief requested.

<u>**BACKGROUND**</u>

In November, 2007, Petitioner pled guilty to second degree

assault.  The Delaware Superior Court sentenced him as an

habitual offender to eight years imprisonment, followed by a

period of probation.  See State v. Murray, 2009 WL 406786 (Del.

Super. Ct. Jan. 21, 2009).  Petitioner did not appeal his

conviction or sentence.  Rather, in October 2008, Petitioner

filed a motion for post-conviction relief pursuant to Delaware

Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting

three grounds for relief: (1) his guilty plea agreement was

unfulfilled; (2) defense counsel rendered ineffective assistance

by erroneously advising him that he would receive a two-year

sentence on the assault charge if he pled guilty; and (3) defense

counsel rendered ineffective assistance by failing to advise him

that he could be sentenced as an habitual offender.  The Superior

Court denied the Rule 61 motion in its entirety on January 21,

2009.  Id.

Petitioner filed a notice of appeal from the denial of his

Rule 61 motion on April 24, 2009.  The Delaware Supreme Court

dismissed the notice of appeal as untimely after determining that

it should have been filed on or before February 20, 2009.  Murray

v. State, 972 A.2d 312 (Table), 2009 WL 1302355 (Del. May 12,

2009).

In May 2009, Petitioner timely filed the instant Petition,[1]

which asserts the following four grounds for relief: (1)

_____

[1]The Court concurs with Respondents' conclusion that
statutory tolling renders the Petition timely filed.  (Docket
Entry 12, at pp. 2-3.)

Petitioner's guilty plea agreement was unfulfilled because the

TIS Guilty Plea form did not inform him that he faced a minimum

eight year sentence for second degree assault; (2) defense

counsel coerced Petitioner to enter the guilty plea by advising

him that he would be out in a total of two years; (3) defense

counsel provided ineffective assistance by advising Petitioner

that the other charges "would be dropped" if he admitted his

status as an habitual offender; and (4) Petitioner's nine year

sentence is illegal because assault carries a maximum eight year

sentence, and Petitioner was sentenced to another year at Level

III for criminal mischief.  (Docket Entry 1)  Respondents filed

an Answer, asserting that the Petition should be dismissed in its

entirety because all four claims are procedurally barred.

(Docket Entry 12) The Petition is ready for review.

**EXHAUSTION AND PROCEDURAL DEFAULT**

Absent exceptional circumstances, a federal court cannot

review the merits of claims asserted in a habeas petition unless

the petitioner has exhausted all means of available relief for

the claims under state law.  28 U.S.C. § 2254(b);  O'Sullivan v.

Boerckel, 526 U.S. 838, 842-44 (1999);  Picard v. Connor, 404

U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion

requirement by "fairly presenting" the substance of the federal

habeas claim to the state's highest court, either on direct or on

3

post-conviction appeal, in a procedural manner permitting the state courts to consider it on the merits.  See Duncan v. Henry, 513 U.S. 364, 365 (1995);  Castille v. Peoples, 489 U.S. 346, 351 (1989);  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000);  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  see Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Although deemed exhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991);  Lines, 208 F.3d at 160.  A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);  Coleman, 501 U.S. at 750-51.

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To

demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then the federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## DISCUSSION

The record reveals that Petitioner has not exhausted state remedies for the four claims asserted in this proceeding because

5

he did not present the issues to the Delaware Supreme Court,
either on direct appeal or on appeal of the Superior Court's
denial of his Rule 61 motion.  At this point in time, any attempt
by Petitioner to appeal either decision to the Delaware Supreme
Court would be barred as untimely.  See Del. Sup. Ct. R. 6.
Additionally, any attempt by Petitioner to return to the Delaware
Superior Court to present his four claims in a new Rule 61 motion
for post-conviction relief would be dismissed under Delaware
Superior Court Rule 61(i)(1) as untimely and under Rule 61(i)(3)
as procedurally defaulted.  See Dixon v. Phelps, 607 F. Supp. 2d
683, 688 n.2 (D. Del. 2009).  Claims one, two, and three would
also be dismissed under Rule 61(i)(4) as formerly adjudicated.
See Addison v. DeLoy, 2009 WL 755928, at *3 n.1 (D. Del. Mar. 19,
2009).

In these circumstances, the Court must treat all four claims
as exhausted but procedurally defaulted.  Petitioner attempts to
establish cause by alleging that he was unaware of his appellate
rights.  (Docket Entry 1, at p. 6)  Petitioner's ignorance or
lack of legal knowledge, however, does not constitute cause in
the procedural default context.  See Cristin v. Brennan, 281 F.3d
404, 420 (3d Cir. 2002)("cause cannot be based on the mere
inadvertence of the petitioner . . . to take an appeal").

Given Petitioner's failure to establish cause, the Court need not address the issue of prejudice.  In addition, Petitioner has failed to demonstrate that the miscarriage of justice exception to the procedural default doctrine applies to his case because he has not presented new reliable evidence of his actual innocence.  Accordingly, the Court will deny the Petition in its entirety because it is procedurally barred from reviewing all the claims asserted therein.

## CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See 3d Cir. L.A.R. 22.2(2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Additionally, if a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that it is procedurally barred from reviewing Petitioner's habeas claims.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is hereby denied.

An appropriate Order accompanies this Opinion.

Dated: May 13, 2010                           /s/ NOEL L. HILLMAN
                                              NOEL L. HILLMAN
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
_____
ANTOINE MURRAY,                      :
                                     :
             Petitioner,             :
                                     :
      v.                             :  Civil Action No. 09-373(NLH)
                                     :
PERRY PHELPS, Warden, and JOSEPH     :       O R D E R
R. BIDEN, III, Attorney General      :
of the State of Delaware,            :
                                     :
             Respondents.            :
_____:
```

For the reasons expressed in the Opinion issued this same

day;

        **IT IS** on this ___13^{TH}___ day of May, 2010;

        **ORDERED** that the Petition for a Writ of Habeas Corpus

filed pursuant to 28 U.S.C. § 2254 is **DISMISSED,** and the relief

requested therein is **DENIED** (Docket Entry 2); and it is further

        **ORDERED** that a certificate of appealability will not

issue because Petitioner has failed to satisfy the standards set

forth in 28 U.S.C. § 2253(c)(2); and it is finally

        **ORDERED** that the Clerk of the Court will close the

case.


Dated: May 13, 2010                    /s/ NOEL L. HILLMAN
                                       NOEL L. HILLMAN
                                       United States District Judge